**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel HERNANDEZ–CARTAGENA,**
**Defendant–Appellant.**

No. 04–40889.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Sandra Zamora Zayas, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Manuel Hernandez–Cartagena pleaded guilty to an indictment charging him with being present illegally in the United States following deportation. Because Hernandez was convicted prior to deportation of attempted sexual abuse of a minor, he was sentenced, under 8 U.S.C. § 1326(b), to a 50–month term of imprisonment and to a three-year period of supervised release.

Hernandez contends that his sentence should be vacated because it was imposed pursuant to an unconstitutional mandatory guidelines system, contrary to *United States v. Booker*, —— U.S. ——, ——–––——, 125 S.Ct. 738, 768–69, 160 L.Ed.2d 621 (2005), a so-called *Fanfan* error. *See United States v. Martinez–Lugo*, 411 F.3d 597, 600 (5th Cir.2005). Hernandez concedes that this court's review is for plain error. *See id.; United States v. Mares*, 402 F.3d 511, 520–21 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Under the third-prong of the plain-error analysis, Hernandez must show that the error affected his substantial rights in that it "affected the outcome of the district court proceedings." *Martinez–Lugo*, 411 F.3d at 600 (quotation marks omitted). Hernandez does not contend that the error affected the outcome of the proceedings and there is nothing in the record to suggest otherwise. *See United States v. Inman*, 411 F.3d 591, 595 (5th Cir.2005); *United States v. Infante*, 404 F.3d 376, 395 (5th Cir.2005).

Hernandez contends instead that prejudice should be presumed or that a showing of prejudice should not be required because the error was "structural and insusceptible of harmless error analysis." An identical argument was rejected in *Martinez–Lugo*. *See Martinez–Lugo*, 411 F.3d at 601; *see also United States v. Malveaux*, 411 F.3d 558, 560 n. 9 (5th Cir.2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297). Hernandez has not

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

shown that the district court plainly erred by sentencing him pursuant to a mandatory guideline scheme. *See Martinez–Lugo,* 411 F.3d at 601.

Hernandez contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that he should be resentenced in light of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Hernandez recognizes that relief is foreclosed; he raises the issue to preserve it for further review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000); *see also Shepard v. United States,* —— U.S. ——, ——, 125 S.Ct. 1254, 1262, 161 L.Ed.2d 205 (2005). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (quotation marks omitted).

The judgment is AFFIRMED.